FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JUN -4  AM 9: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN  4 1998

RONALD CALLIENS, et al.,        )
                                )
          Plaintiffs,           )
                                )
vs.                             )        CIVIL ACTION NUMBER
                                )
MARRIOTT CORPORATE SERVICES,    )          95-C-0744-S
INC., et al.,                   )
                                )
          Defendants.           )

### MEMORANDUM OF OPINION GRANTING DEFENDANTS'
### MOTIONS FOR SUMMARY JUDGMENT

In this case arising principally under 42 U.S.C. § 2000e
*et seq.*, ("Title VII"), §§ 1981 and 1985(3), plaintiffs claim that
the defendant companies caused them to be discharged by their
employer because of their race or color.[1]  Viewing the undisputed
facts in a light most favorable to the plaintiffs, the defendants'
motions for summary judgment are due to be granted.

I

Plaintiffs Ronald Calliens, Mikul E. Smith, and James
Henderson are black citizens of the State of Alabama.  They were
long term warehouse employees of the Buffalo Rock Company ("Buffalo
Rock") until their discharge on March 29, 1993.

Buffalo Rock has a contract with the Marriott Corporate
Services, Inc., ("Marriott") to provide soft drinks and other

---

[1] Plaintiffs also make several state law claims.

59

vending product Services to Southern Company Services, Inc.'s ("Southern Company") facilities located in Inverness--a suburb of Birmingham, Alabama.

Plaintiff Smith's normal duties required him to make regular deliveries to the premises of Southern Company. However, at anytime, Smith could have been relieved of his Southern Company delivery assignment and reassigned to other duties by Buffalo Rock. Plaintiffs Henderson and Calliens' normal duties did not require them to be on Southern Company's premises.

On the afternoon of Wesnesday, March 24, 1993, plaintiffs were sent by Cliff Wadsworth, their immediate supervisor, to deliver soft drinks to the Southern Company. They arrived at the back loading dock of the Southern Company and interacted with Mike Madison, a white employee of Buffalo Rock who was permanently stationed at the facility. They then commenced unloading their truck.

While plaintiffs were unloading their truck, Celia Appling, a white Southern Company employee, pulled up to the loading dock. She emerged from her vehicle and started unloading boxes from the bed of her small pickup truck. After observing Appling lift what appeared to be a heavy box, Calliens asked her if she needed help with the boxes. Deposition of Ronald Calliens ("CD"), pp. 46-47. She responded, "no." CD, p. 48; August 31, 1994

2

Deposition of Celia Marie Appling ("CMADI"), pp. 11-12. Nothing else was said by any of the plaintiffs to Appling.

After she finished unloading the boxes, Appling falsely reported to Southern Company officials that plaintiffs had "sexually accosted" her. Allegedly, in her presence and loudly enough for her to hear, one of the plaintiffs said to the others at various times: "I would like to have some of that," and "Boy, that looks good." The other two plaintiffs allegedly chimed in: "Yes, that's right" and "I know that's right." Appling has a history of immature behavior with Southern Company.

Paula Chornyak, a Marriot manager with a well-documented history of mistreatment of black subordinates and clients, became involved immediately. When plaintiffs finished their job and as they were leaving the premises, Chornyak came running out to their truck. She demanded that plaintiffs get out of the truck and show some identification. She was hostile and in a rage. She did not identify herself. Plaintiffs refused to identify themselves. They drove off the Southern Company premises, returned to the Buffalo Rock plant, clocked out, and went home. They did not mention the incident to their supervisors until they were summoned to the Buffalo Rock offices the next business day.

Southern Company officials contacted Buffalo Rock on the day of the incident. Buffalo Rock officials met with Southern

3

Company officials the following day and commenced its investigation. Marriott insisted that the plaintiffs not return to the Southern Company premises. Buffalo Rock agreed not to send them again to the Southern Company.

Buffalo Rock made the decision to discharge the plaintiffs. There is no evidence that either the Southern company or Marriott insisted or suggested to Buffalo Rock that the plaintiffs be disciplined in any way.

Buffalo Rock replaced the plaintiffs with three black hires.

The Southern Company and Marriott did not investigate the incident which gave rise to plaintiffs' discharge.

The Southern Company had one other occasion in which one of its employees complained of sexual harassment by a non-Southern Company employee working on its premises. This complaint involved a white female employee of the Southern Company and a white male engineer employee of BE&K Engineering Company ("BE&K"). After receiving the complaint from its female employee, the Southern Company referred it to BE&K's management for further handling. The Southern Company did not undertake its own investigation. BE&K subsequently terminated the accused employee.

4

II

Marriott and Southern Company Services are entitled to judgment as a matter of law.  No reasonable jury could find that either of these companies sought or requested the discharge of the plaintiffs because of their race.  Moreover, a reasonable jury could not find that either corporation conspired with Buffalo Rock to effectuate the discharge of the plaintiffs.  The plaintiffs' beef is with Buffalo Rock, their former employer, with whom they have settled.

By separate order, summary judgment shall be granted.

DONE this _____ 2ᐤ _____ day of June, 1998.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

5